UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

_____

BRITTNY LINDER,  :
 :   Hon. Joseph H. Rodriguez
 :
 :   Civil Action No. 14-1821
    Plaintiff,  :
 :
    v.  :   **OPINION**
 :
MCKESSON CORP, et al.  :
 :
    Defendants.  :
_____

This matter comes before the Court on Defendant McKesson Corporation's unopposed Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b) (6). Although the deadline for opposition to the motion has well passed without a response from Plaintiff, the Court considers the merits of the unopposed motion. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 29 (3d Cir. 1991) (applying Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168 (3d Cir. 1990)).

Defendant McKesson moves for dismissal Counts II and III of the Complaint which respectively allege Disability Discrimination and Perceived Disability Discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq. Defendant contends that Plaintiff has not alleged that any of the Defendants were aware that Plaintiff had a disability. The Court agrees and will grant the motion to dismiss without prejudice and permit Plaintiff to file an amended complaint to cure the deficiencies.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations… are given no presumption of truthfulness." Wyeth v. Ranbaxy., Ltd., 423 F.3d 347, 351 (3d Cir. 2005). ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint

when deciding a motion to dismiss.")). <u>Accord</u> <u>Iqbal</u>, 556 U.S. at 678-80 (finding that pleadings that are not more than conclusions are not entitled to the assumption of truth).

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's Complaint lacks "sufficient factual matter, which if accepted as true, states a facially plausible claim for relief." <u>Caprio v. Healthcare Recovery Grp.</u>, LLC, 709 F.3d 142, 146–47 (3d Cir. 2013) (citing <u>Bistrian v. Levi</u>, 696 F.3d 352, 365 (3d Cir. 2012)). Plaintiff Brittny Linder was assigned by Defendant staffing agency Adecco to work at McKesson. She alleges, inter alia, that she was sexually assaulted by a coworker at McKesson on August 28, 2013. <u>See</u> Compl., 31. The following day she was diagnosed with Post Traumatic Stress Disorder. <u>Id.</u> at ¶ 32. She then informed her Adecco supervisor of the incident and that she could not return to McKesson because of the incident. The Complaint alleges that on August 29, 2013, the Adecco supervisor told McKesson that Plaintiff "would need time off because of a medical condition." <u>Id.</u> at ¶ 34. Plaintiff was terminated on September 6, 2013.

The statutory definition of "handicapped," N.J.S.A. 10:5-5(q), is very broad in its scope and, unlike the Americans With Disabilities Act (ADA), does not have a major life activities handicap requirement. <u>Olson v. General Electric Astrospace</u>, 966 F.Supp. 312,

314-15 (D.N.J. 1997) (citing Gimello v. Agency Rent–A–Car Systems, 250 N.J.Super. 338, 594 A.2d 264, 275 (1991).New Jersey courts also recognize discrimination claims for those who are not disabled but are perceived to be disabled under the NJLAD. Olson, 966 F.Supp. at 316 (citing Poff v. Caro, 228 N.J.Super. 370, 549 A.2d 900, 903 (N.J.Super.Ct.Law Div. 1987) ("discrimination based on a perception of a handicap is within the protection of the Law Against Discrimination.")).

The NJLAD defines "Disability" as follows:

> "Disability" means physical disability, infirmity, malformation or disfigurement which is caused by bodily injury, birth defect or illness including epilepsy and other seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment or physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device, or any mental, psychological or developmental disability resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques. Disability shall also mean AIDS or HIV infection.

N.J. Stat. Ann. § 10:5–5(q)

Even under the very generous and broad scope of the NJLAD, simply having a "medical condition" does not notify an employer of a disability. As a result, the Court finds that Plaintiff's Complaint lacks sufficient factual detail so as to create an inference that McKesson knew that Linder was disabled, or perceived her to be disabled, and terminated her on that basis. Therefore, the Court grants Defendant's Motion to Dismiss and dismisses Counts II and III without prejudice and grants Plaintiff the right to file an Amended Complaint curing the pleading deficiencies, if possible.

An appropriate Order shall issue.

Dated: June 10, 2014

                                                s/ Joseph H. Rodriguez
                                                JOSEPH H. RODRIGUEZ,
                                                United States District Judge